■ COREY DAVIS et al., Respondents, v SAVONA CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendants. SAVONA CENTRAL SCHOOL DISTRICT, Third-Party Plaintiff-Respondent, v PORTER ATHLETIC EQUIPMENT COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [675 NYS2d 269] —Order unanimously reversed on the law without costs, motions granted and complaint against defendants Savona Central School District, Fudge & Underhill, Architects and Engineers, and Smith, Langhans and McLaughlin Construction Corporation and third-party complaint against third-party defendant Porter Athletic Equipment Company dismissed. Memorandum: Supreme Court erred in denying the motions of defendants Savona Central School District, Fudge & Underhill, Architects and Engineers, and Smith, Langhans and McLaughlin Construction Corporation for summary judgment dismissing the complaint against them and the motion of third-party defendant Porter Athletic Equipment Company for summary judgment dismissing the third-party complaint against it. Corey Davis (plaintiff) was injured while participating in an interscholastic basketball game in the gymnasium of the Savona Central School. During the game, plaintiff fell to the floor and slid approximately eight feet from the edge of the basketball court, striking his head on a portion of the concrete wall below an area of padding that was mounted on the wall approximately 12 inches from the floor. "As a general rule,

participants [in a voluntary sporting event] properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439). Here, plaintiff assumed the obvious risks inherent in playing basketball in the school gymnasium and is precluded from recovery (*see, Steward v Town of Clarkstown,* 224 AD2d 405, *lv denied* 88 NY2d 815). Plaintiff's deposition testimony establishes that plaintiff participated in physical education classes conducted in the Savona Central School gymnasium twice a week during the 13 years in which he had attended school there. Plaintiff also voluntarily played junior varsity basketball during the eighth and ninth grades and varsity basketball during grades 10 through 12, participating in the team practices conducted in the gym five days a week, for two hours per day. Plaintiff testified that he had observed the distance between the end of the basketball court and the gymnasium wall and that the position of the padding was the same during his 13 years as a student before the accident. Plaintiff had on occasion collided with the padding as well as the portion of the wall below the padding. Plaintiff testified that, on one occasion before his accident, he hit the wall below the padding and sustained a contusion on his hip. Plaintiff testified that he understood injury to be a possible consequence of playing basketball in the school gymnasium. Thus, "[w]ithin the breadth and scope of his consent and participation, plaintiff put himself at risk in the circumstances of this case for the injuries he ultimately suffered", and "[t]he injury in this case, in sum, was a luckless accident arising from the vigorous voluntary participation in competitive interscholastic athletics" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 659). (Appeals from Order of Supreme Court, Steuben County, Purple, Jr., J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.