■ KEISHONNA GAMBLE, an Infant, by Her Father and Natural Guardian, MICHAEL GAMBLE, et al., Respondents, v TOWN OF HEMPSTEAD, Appellant. [721 NYS2d 385] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated June 14, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The infant plaintiff was injured when she tripped and fell on a crack in the surface of a basketball court while playing basketball. By engaging in a sport or recreational activity, a participant consents to those commonly-appreciated risks which are inherent in and arise out of the nature of the sport generally and which flow from such participation (*see, Morgan v State of New York,* 90 NY2d 471, 484-486). Application of the doctrine of assumption of the risk requires not only knowledge of the injury-causing defect, but also, appreciation of the resultant risk. Awareness of risk, however, is not to be determined in a vacuum (*see, Maddox v City of New York,* 66 NY2d 270, 278). Rather, it is to be assessed against the background of the skill and experience of the particular plaintiff (*see, Maddox v City of New York, supra,* at 278; *Turcotte v Fell,* 68 NY2d 432, 439; *Morgan v State of New York, supra,* at 486; *Pascucci v Town of Oyster Bay,* 186 AD2d 725). Furthermore, the doctrine encompasses risks associated with the construction of the playing field, and any open and obvious conditions thereon (*see, Maddox v City of New York, supra; Paone v County of Suffolk,* 251 AD2d 563).

Here, the crack in the surface of the basketball court was open, obvious, clearly visible, and known to the infant plaintiff. In addition, contrary to the Supreme Court's conclusion, the infant plaintiff had the necessary skill and experience to ap-

preciate the risk presented by the crack. Accordingly, summary judgment should have been granted in favor of the defendant dismissing the complaint. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.