■ RONY MANOLY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [816 NYS2d 499]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated November 12, 2004, as granted that branch of the motion of the defendants City of New York and the New York City Parks Department which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was playing soccer on a field at the Parade Grounds in Brooklyn when he tripped on a raised manhole cover and subsequently struck his face on an adjacent fence, thereby sustaining various personal injuries.

On appeal, the plaintiff contends that "the City failed to maintain the manhole to assure that it was not raised, and also failed to maintain the fence, resulting in a hazard if a person fell."

The doctrine of assumption of risk is a form of measurement of a defendant's duty to a voluntary participant in a sporting activity (see *Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657 [1989]). The voluntary participant is deemed to have consented to apparent or reasonably foreseeable consequences of engaging in the sport; the landowner need protect the plaintiff only from unassumed, concealed, or unreasonably increased risks, thus to make conditions as safe as they appear to be (see *Morgan v State of New York,* 90 NY2d 471, 484 [1997]; *Lapinski v Hunter Mtn. Ski Bowl,* 306 AD2d 320 [2003]). The plaintiff acknowledged at the hearing pursuant to General Municipal Law § 50-h that he noticed the raised manhole on the

previous occasion that he played soccer at the field. At his examination before trial, the plaintiff indicated that, on the date of his accident, but prior to it, he was aware of the presence of the raised manhole cover, and that the fence was in disrepair. The plaintiff accordingly assumed the risk of the injuries which he sustained in the accident (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]; *Ciocchi v Mercy Coll.*, 289 AD2d 362 [2001]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.