■ MARK T. RIBAUDO, JR., et al., Respondents, v LA SALLE INSTITUTE et al., Appellants. [846 NYS2d 209]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated September 26, 2006, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The infant plaintiff, an experienced basketball player who had played amateur competitive basketball for years, was injured while playing in a basketball tournament in a gymnasium at the defendant La Salle Institute of Troy, N.Y., sued herein as La Salle Institute, a private high school. After playing one game in the gymnasium without incident, the infant plaintiff allegedly was injured in a second game in the gymnasium when he tried to keep a ball from going out of bounds, and ran full speed into a concrete wall.

The defendants moved for summary judgment dismissing the complaint on the ground that the conditions of the gymnasium complained of by the plaintiffs were readily apparent, and as an experienced player, the infant plaintiff assumed the risk of playing under those conditions. The Supreme Court denied the motion. We reverse.

Pursuant to the doctrine of primary assumption of the risk, a participant in a sporting activity consents to those risks which are inherent in the sport (*see Trevett v City of Little Falls*, 6 NY3d 884 [2006]; *Sykes v County of Erie*, 94 NY2d 912, 913 [2000]). The doctrine of primary assumption of the risk, however, will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Rosenbaum v Bayis Ne'Emon, Inc.* 32 AD3d 534, 535 [2006]).

The defendants made a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of the risk by demonstrating that the risk of colliding with a wall was inherent in the sport, and the condition of the wall was open and obvious (*see Trevett v City of Little Falls*, 6 NY3d 884 [2006]). In opposition, the plaintiffs failed to raise an issue of fact as to whether the failure to pad the wall created a risk beyond those inherent in the sport of basketball (*see Kazlow v City of New York*, 253 AD2d 411 [1998]). There is no evidence in this record that the position of the wall or the lack of padding violated any applicable standards relating to basketball courts (*see Kazlow v City of New York*, 253 AD2d 411 [1998]; *cf. Greenburg v Peekskill City School Dist.*, 255 AD2d 487 [1998]).

Accordingly, the defendants were entitled to summary judgment. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.