■ GEORGE BROWN, Respondent, v CITY OF NEW YORK, Appellant. [895 NYS2d 442]—

The plaintiff was injured while playing touch football at a public field owned by the defendant when he dove for the football at the sideline and his knee struck a cement strip which ran alongside the field approximately five feet outside of the sideline. The plaintiff had played at the field previously and was aware of the presence of the cement strip, which was open and obvious. Indeed, he testified at his deposition that the cement was there for the purpose of holding down the artificial turf surface of the field.

Following the plaintiff's commencement of this negligence action, the defendant moved for summary judgment dismissing the complaint on the ground of primary assumption of risk. The Supreme Court denied the motion. We reverse.

A voluntary participant in a sporting or recreational activity is deemed to consent to "those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). This principle extends to those risks associated with the construction of the playing field and any open and obvious condition thereon (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]; *Manoly v City of New York*, 29 AD3d 649 [2006]; *Colucci v Nansen Park*, 226 AD2d 336 [1996]; *Brown v City of Peekskill*, 212 AD2d 658 [1995]). If the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Morales v Coram Materials Corp.*, 64 AD3d 756, 758 [2009]; *Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]).

The defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the plaintiff

assumed the risk of injury by voluntarily participating in the football game despite his knowledge that doing so could bring him into contact with the open and obvious cement strip in the out-of-bounds area of the field (*see Trevett v City of Little Falls*, 6 NY3d 884 [2006]; *Ribaudo v La Salle Inst.*, 45 AD3d 556 [2007]; *Ciocchi v Mercy Coll.*, 289 AD2d 362 [2001]; *Kazlow v City of New York*, 253 AD2d 411 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant unreasonably increased the risk associated with the activity of playing football on the subject field. In this regard, the expert affidavit submitted by the plaintiff failed to identify the violation of any specific safety standard which was applicable to the field (*see Musante v Oceanside Union Free School Dist.*, 63 AD3d 806 [2009]; *Miller v Kings Park Cent. School Dist.*, 54 AD3d 314 [2008]; *Ribaudo v La Salle Inst.*, 45 AD3d 556 [2007]; *Merson v Syosset Cent. School Dist.*, 286 AD2d 668 [2001]; *Kazlow v City of New York*, 253 AD2d 411 [1998]). Accordingly, the expert's affidavit was speculative and conclusory (*see generally Sosa v City of New York*, 281 AD2d 469 [2001]; *Scola v Sun Intl. N. Am.*, 279 AD2d 466 [2001]), and was insufficient to defeat the defendant's motion for summary judgment. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.