In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated October 7, 2011, which granted the separate motions of the defendants Town of Hempstead and Major Softball, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) a judgment of the same court entered October 31, 2011, which, upon the order, is in favor of the defendants and against him, dismissing the complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The appeal from the intermediate order must be dismissed as the right of direct appeal therefrom terminated with the entry *885 of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff, an experienced softball player, was injured during an evening league softball game at an illuminated field owned by the defendant Town of Hempstead, when he slipped and fell on a concrete pathway adjacent to the rear of the outfield while running to catch a ball. He commenced this action against the Town and the defendant Major Softball, Inc., which organized the league.
Contrary to the plaintiff’s contention, the Supreme Court properly granted the defendants’ separate motions for summary judgment dismissing the complaint insofar as asserted against them based on the doctrine of primary assumption of risk. That doctrine extends to those risks associated with the construction of the playing field and any open and obvious condition thereon (see Trevett v City of Little Falls, 6 NY3d 884, 885 [2006]; Palladino v Lindenhurst Union Free School Dist., 84 AD3d 1194, 1195 [2011]; Brown v City of New York, 69 AD3d 893, 893 [2010]), as well as risks involving less than optimal playing conditions (see Bukowski v Clarkson Univ., 19 NY3d 353, 356 [2012]). The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the plaintiff assumed the risk of injury by voluntarily participating in the softball game, thereby consenting to the commonly appreciated risks which are inherent in and arise out of the sport generally and flow from such participation, including those open and obvious risks associated with the construction of and conditions upon the playing field (see Trevett v City of Little Falls, 6 NY3d at 885; Sykes v County of Erie, 94 NY2d 912, 913 [2000]; Brown v City of New York, 69 AD3d 893, 893-894 [2010]; Welch v Board of Educ. of City of N.Y., 272 AD2d 469 [2000]; Colucci v Nansen Park, 226 AD2d 336, 336-337 [1996]). In opposition to the motions, the plaintiff failed to raise a triable issue of fact.
In view of the foregoing, the parties’ remaining contentions need not be reached. Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.