■ DEAN BACCARI, Respondent, v KCOR, INC., Doing Business as ROCK HEALTH AND FITNESS CLUB, Appellant. [971 NYS2d 458]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated July 18, 2012, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, an experienced boxing instructor, commenced this action to recover damages for injuries he allegedly sustained when he stepped into a gap between pads that were located underneath the canvas surface of a boxing ring while training his girlfriend in his spare time. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff assumed the risk of injury and was barred from recovery by the doctrine of primary assumption of risk. The Supreme Court denied the motion.

The doctrine of primary assumption of risk provides that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90

NY2d 471, 484 [1997]). This includes risks associated with any open and obvious conditions of the playing field, including risks arising from "less than optimal conditions" (*Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]; *see Mattas v Town of Hempstead*, 106 AD3d 884 [2013]). Thus, "when an experienced athlete . . . is aware of the existence of a particular condition on the premises where the activity is to be performed, and actually appreciates or should reasonably appreciate the potential danger it poses, yet participates in the activity despite this awareness, he or she must be deemed to have assumed the risk of injury which flows therefrom" (*Joseph v New York Racing Assn.*, 28 AD3d 105, 111 [2006]; *see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Maddox v City of New York*, 66 NY2d 270, 274 [1985]).

Here, the defendant established, prima facie, its entitlement to judgment as a matter of law. The defendant demonstrated that the plaintiff was an experienced boxing instructor who had boxed in the subject boxing ring on numerous occasions and knew of the gap between the pads. Indeed, the plaintiff had complained to management about the gap between the pads (*see Maddox v City of New York*, 66 NY2d at 279), and witnessed one of his students step into it (*see Bukowski v Clarkson Univ.*, 19 NY3d at 356-357).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (*see O'Connor v Hewlett-Woodmere Union Free Sch. Dist.*, 103 AD3d 862, 864 [2013]). Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.