(February 17, 2016)

■ JARRED ALTAGRACIA, an Infant, by His Mother and Natural Guardian, PAMELA L. LEVINE, Appellant-Respondent, v HARRISON CENTRAL SCHOOL DISTRICT, Respondent-Appellant. [24 NYS3d 764]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 22, 2015, as denied his motion, inter alia, for summary judgment on the issue of liability and granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging negligent supervision, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action alleging premises liability.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging premises liability is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The infant plaintiff (hereinafter the plaintiff) allegedly sustained injuries while playing basketball on an outdoor court on school grounds during his lunch recess when the back of his head struck the pole supporting the basketball backboard and hoop and he fell to the ground. The plaintiff, by his mother, commenced this action against the defendant to recover damages for personal injuries, alleging theories of recovery based on premises liability and negligent supervision. The plaintiff subsequently moved, inter alia, for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the

plaintiff's motion, granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging negligent supervision, and denied that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging premises liability.

The plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law, and the Supreme Court, therefore, properly denied his motion, inter alia, for summary judgment on the issue of liability (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, the court should have granted the defendant's cross motion for summary judgment in its entirety.

The doctrine of primary assumption of risk applies where a consenting participant in a sporting activity "is aware of the risks [inherent in the activity]; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "However, the doctrine will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (*Alqurashi v Party of Four, Inc.*, 89 AD3d 1047, 1047-1048 [2011]; *see Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675, 678 [2013]). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]).

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging premises liability by demonstrating that the subject pole was open and apparent, that the risk of colliding with it was inherent in the activity of playing basketball in the courtyard, that the defendant did nothing to conceal or unreasonably increase the risk, and that the plaintiff assumed the risk of injury by voluntarily participating in the activity at that location, as he had on numerous prior occasions (*see Trevett v City of Little Falls*, 6 NY3d 884, 885 [2006]; *Perez v New York City Dept. of Educ.*, 115 AD3d 921, 922 [2014]; *Wilkes v YMCA of Greater N.Y.*, 68 AD3d 542 [2009]; *Ribaudo v La Salle Inst.*, 45 AD3d 556, 557 [2007]). The defendant also established, prima facie, that it was not negligent in supervising the plaintiff (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]).

In opposition, the plaintiff failed to raise a triable issue of fact. He did not submit any evidence in support of his conten-

tions that padding of the subject pole was required and that the absence of padding created a risk beyond those that were inherent in the subject activity and voluntarily assumed by the plaintiff (*see Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263, 1265 [2010]; *Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 807 [2009]; *Ribaudo v La Salle Inst.*, 45 AD3d at 557; *Davis v Savona Cent. School Dist.*, 252 AD2d 958, 958-959 [1998]). The plaintiff also failed to submit any evidence in support of his allegation that a lack of supervision proximately caused the incident.

The plaintiff's remaining contention is without merit. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.