◼ ANTONIO TINTO, by His Mother and Natural Guardian, LORRAINE TINTO, Respondent, v YONKERS BOARD OF EDUCATION, Appellant. [32 NYS3d 176]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated June 19, 2015, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured on September 3, 2011, when, while playing a pick-up game of football with his friends on a grass field, he stepped into a large, deep hole. The game took place on a Saturday afternoon on the defendant's property. The defendant neither organized nor supervised the event, and only became aware of the accident after the plaintiff's mother reported it. The plaintiff and his friends were aware of the presence of the hole and specifically set the boundaries of the playing field in order to avoid it. Nevertheless, during play,

while the plaintiff was running with the ball, he stepped out of bounds to avoid a tackle and his right foot went into the hole.

The plaintiff, through his mother, commenced this action against the defendant to recover damages for personal injuries. After the conclusion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff had assumed the risk of harm. The Supreme Court denied the motion.

Under the doctrine of primary assumption of risk, a voluntary participant in a sporting activity "is deemed to have consented to apparent or reasonably foreseeable consequences of engaging in the sport; the landowner need protect the plaintiff only from unassumed, concealed, or unreasonably increased risks, thus to make conditions as safe as they appear to be" (*Manoly v City of New York*, 29 AD3d 649, 649 [2006]).

Here, the hole was open, obvious, clearly visible, and known to the plaintiff (*see Gamble v Town of Hempstead*, 281 AD2d 391 [2001]). Moreover, the plaintiff and his friends understood the risk presented by the hole and set the boundaries of the playing field in order to avoid it. Since the plaintiff voluntarily chose to play on a field on which there was a faulty condition that was open and obvious, he assumed the risk of injury from stepping into the hole (*see Retian v City of New York*, 259 AD2d 684, 685 [1999]).

Therefore, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint based on the doctrine of primary assumption of risk, and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Wilck v Country Pointe at Dix Hills Homeowners Assn., Inc.*, 111 AD3d 822 [2013]; *Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194 [2011]; *Casey v Garden City Park-New Hyde Park School Dist.*, 40 AD3d 901 [2007]; *cf. Simmons v Saugerties Cent. School Dist.*, 82 AD3d 1407 [2011]; *Ryder v Town of Lancaster*, 289 AD2d 995 [2001]; *Henig v Hofstra Univ.*, 160 AD2d 761 [1990]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.