In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated May 5, 2016, which denied their motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
 

 On June 23, 2013, the infant plaintiff, then 15 years old, allegedly was injured while playing a pick-up game of touch football when he ran into one of two adjacent silver metal benches, each approximately 18 inches high and 8 feet long, which were permanently affixed in concrete on a grass field located on premises at which the defendant Achim Operating Co., LLC, operated a summer camp. The infant plaintiff, by his mother, and his mother suing individually, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the action was barred by the doctrine of primary assumption of risk. The Supreme Court denied the motion. The defendants appeal.
 

 Under the doctrine of primary assumption of risk, “[i]f the risks of [a sporting] activity are fully comprehended or perfectly obvious to [a voluntary participant], he or she has consented to them and the [defendant] has discharged its duty of care by making the conditions as safe as they appear to be” (Brown v City of New York, 69 AD3d 893, 893-894 [2010]). “Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation” (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672 [2014]; see Morgan v State of New York, 90 NY2d 471, 484 [1997]). “This includes risks associated with the construction of the playing surface and any open and obvious condition on it” (Brown v Roosevelt Union Free Sch. Dist, 130 AD3d 852, 853-854 [2015]). “If the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be” (Brown v City of New York, 69 AD3d at 893).
 

 Here, according to the infant plaintiffs deposition testimony, which the defendants submitted in support of their motion, there was nothing marking the area where the benches were located as the end zone, but if the ball was caught in the vicinity of the bench, the campers would consider that a touchdown. The infant plaintiff also testified that he flipped over one of the benches as he was running for a pass and that, prior to turning to catch the ball, he had run the full length of the field looking ahead toward the benches, which were situated alongside the volleyball courts. Consequently, the bench was open, obvious, clearly visible, and known to the infant plaintiff (see Tinto v Yonkers Bd. of Educ., 139 AD3d 712, 713 [2016]). Since the infant plaintiff, who had been playing football on this field for more than an hour when the accident occurred, was aware of that condition and voluntarily chose to play on the field, he assumed the risk of injury of colliding into one of the benches when attempting to score (see id. at 713; Perez v New York City Dept. of Educ., 115 AD3d 921, 921-922 [2014]; Palladino v Lindenhurst Union Free School Dist., 84 AD3d 1194 [2011]).
 

 In opposition, the plaintiffs failed to raise a triable issue of fact.
 

 In light of our determination, the defendants’ remaining contentions need not be addressed.
 

 Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Mastro, J.P., Hall, Austin and Barros, JJ., concur.