Osmond v Hofstra Univ. (2018 NY Slip Op 03693)





Osmond v Hofstra Univ.


2018 NY Slip Op 03693


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-08522
 (Index No. 603177/15)

[*1]Shyla Osmond, respondent, 
v
Hofstra University, et al., appellants, et al., defendant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Frank Raia of counsel), for appellants.
Bamundo, Zwal & Schermerhorn, LLP, New York, NY (Michael C. Zwal of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Hofstra University and Hofstra Summer Camps appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered July 20, 2017. The order denied the motion of the defendants Hofstra University and Hofstra Summer Camps for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Hofstra University and Hofstra Summer Camps for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff was attending a basketball camp at the defendant Hofstra University when she allegedly was injured while dunking a basketball during a slam dunk competition. Thereafter, the plaintiff commenced this action against Hofstra University and Hofstra Summer Camps (hereinafter together the Hofstra defendants), and another, alleging, among other things, negligent supervision. The Hofstra defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the doctrine of primary assumption of risk barred any recovery in this case against them. The Supreme Court denied the motion, and the Hofstra defendants appeal.
Under the doctrine of primary assumption of risk, "[i]f the risks [of a sporting activity] are known by or perfectly obvious to [a voluntary participant], he or she has consented to them and the [defendant] has discharged its duty of care by making the conditions as safe as they appear to be" (Brown v City of New York, 69 AD3d 893, 893; see Morgan v State of New York, 90 NY2d 471, 484). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see E.B. v Camp Achim, 156 AD3d 865, 866). Participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485).
The Hofstra defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the plaintiff assumed the risk of injury by voluntarily participating in the slam dunk competition (see Bukowski v Clarkson Univ., 19 NY3d 353). In opposition, the plaintiff submitted the affidavit of a sports expert, which failed to raise a triable issue of fact as to whether the plaintiff assumed the risk of her injuries (see Musante v Oceanside Union Free School Dist., 63 AD3d 806; see also Legac v South Glens Falls Cent. Sch. Dist., 150 AD3d 1582).
Accordingly, the Supreme Court should have granted the motion of the Hofstra defendants for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court