O'Toole v Long Is. Jr. Soccer League, Inc. (2018 NY Slip Op 03853)





O'Toole v Long Is. Jr. Soccer League, Inc.


2018 NY Slip Op 03853


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-12484
 (Index No. 20112/12)

[*1]Jonathan O'Toole, etc., et al., appellants, 
v
Long Island Junior Soccer League, Inc., et al., respondents.


Catterson & LoFrumento, LLP, Garden City, NY (Peter J. Galasso of counsel), for appellants.
Havkins Rosenfeld Ritzert & Varriale, LLP, New York, NY (Gregg Scharaga and Carla Varriale of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated October 22, 2015. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Jonathan O'Toole (hereinafter the infant plaintiff), an experienced youth soccer player, allegedly was injured during a soccer game when his cleat became stuck in a drainage grate which surrounded the perimeter of and was adjacent to the high school athletic field upon which he was playing. The infant plaintiff, and his mother suing derivatively, commenced this action against the defendants, soccer organizations under whose auspices the game was conducted and the school district which owned the field. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion, reasoning that the infant plaintiff had assumed the risk of his injury. The plaintiffs appeal, and we affirm.
"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853, quoting Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88). "This principle extends to those risks associated with the construction of the playing field and any open and obvious condition thereon" (Brown v City of New York, 69 AD3d 893, 893; see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893; Sykes v County of Erie, 94 NY2d 912; Maddox v City of New York, 66 NY2d 270; Manoly v City of New York, 29 AD3d 649; Colucci v Nansen Park, 226 AD2d 336; Brown v City of Peekskill, 212 AD2d 658).
Here, the defendants established their prima facie entitlement to judgment as a matter of law on the ground that the doctrine of primary assumption of risk barred the injured plaintiff's recovery. The evidence submitted by the defendants included, inter alia, the pretrial testimony of the infant plaintiff that his accident occurred when he ran onto the drainage grate only a few feet [*2]from the edge of the field while he was retrieving a ball that had traveled out of bounds during the game. He further conceded that in order to gain access to the field, he had to walk over the silver-colored drainage grate that surrounded the perimeter of the field. Moreover, the photographs submitted in support of the motion confirmed the open and obvious nature of the grate, and there was no evidence that the grate was concealed or defective in any manner. In opposition to the defendants' motion, the plaintiffs merely offered speculative expert opinions and failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment on the ground that the injured plaintiff assumed the risk of coming in contact with the open and obvious grate while engaging in the soccer game (see Turcotte v Fell, 68 NY2d 432, 439; E.B. v Camp Achim, 156 AD3d 865, 866; Safon v Bellmore-Merrick Cent. High Sch. Dist., 134 AD3d 1008, 1009; Mattas v Town of Hempstead, 106 AD3d 884, 885; Brown v City of New York, 69 AD3d at 894; Joseph v New York Racing Assn., 28 AD3d 105, 108).
In light of the foregoing, we do not reach the parties' remaining contentions.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court