Krzenski v Southampton Union Free Sch. Dist. (2019 NY Slip Op 04370)





Krzenski v Southampton Union Free Sch. Dist.


2019 NY Slip Op 04370


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-13059
 (Index No. 36014/12)

[*1]Bryce Krzenski, appellant, 
v
Southampton Union Free School District, respondent.


Davis & Ferber, LLP, Islandia, NY (Cary M. Greenberg of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Avis Spencer Decaire of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated October 18, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 15, 2012, the plaintiff allegedly was injured while playing floor hockey during an after-school event in Southampton High School's gymnasium, which is owned by the defendant. Two sets of fully extended bleachers were being used as the sideline boundaries for the floor hockey playing area. The plaintiff alleged that an opposing team member hit her in the back, causing her to hit her head and shoulder on the unpadded metal railing of the bleacher stairs. The plaintiff commenced this action to recover damages for personal injuries, alleging theories of recovery based on, inter alia, premises liability and negligent supervision. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that the action was barred by the doctrine of primary assumption of risk. The Supreme Court granted the defendant's motion, and the plaintiff appeals. We affirm.
Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Brown v City of New York, 69 AD3d 893, 893). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (E.B. v Camp Achim, 156 AD3d 865, 866 [internal quotation marks omitted]; see Morgan v State of New York, 90 NY2d at 484). " This includes risks associated with the construction of the playing surface and any open and obvious condition on it'" (E.B. v Camp Achim, 156 AD3d at 866, quoting Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854; see Sykes v County of Erie, 94 NY2d 912, 912). "If the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (Brown v City of New York, 69 AD3d at 893; see Bukowski v Clarkson Univ., 19 NY3d 353, 356). "Participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that [*2]are inherent in the sport" (M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953, 954; see Custodi v Town of Amherst, 20 NY3d 83, 88).
Here, the defendant established its prima facie entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk. In support of its motion, the defendant submitted, among other things, a transcript of the plaintiff's testimony at a General Municipal Law § 50-h hearing and transcripts of her deposition testimony. The plaintiff, who was in eleventh grade at the time of the accident, testified that she volunteered to play floor hockey at the "class night" event during which she allegedly was injured, and that she had previously played floor hockey in the school's gymnasium during physical education classes. In addition, she had played floor hockey during similar class night events in her freshman and sophomore years. Although a physical education teacher at the school, who witnessed the accident, testified at his deposition that the bleachers were not fully extended during floor hockey games in physical education classes, he also testified that the bleachers were used as boundaries in physical education classes. Consequently, the proximity of the bleachers to the playing area was open and obvious, and the risk of collision with the bleachers was an inherent risk in playing indoor floor hockey in the subject gymnasium (see Trevett v City of Little Falls, 6 NY3d 884, 885; E.B. v Camp Achim, 156 AD3d at 866; Perez v New York City Dept. of Educ., 115 AD3d 921, 921-922; Ciocchi v Mercy Coll., 289 AD2d 362, 363; Cherry v Hofstra Univ., 274 AD2d 443, 443; Colucci v Nansen Park, 226 AD2d 336, 336-337).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the failure to pad the metal railings on the bleacher stairs or to use a buffer zone between the bleachers and the playing area created a risk beyond the risks inherent in the sport of indoor floor hockey (see Altagracia v Harrison Cent. Sch. Dist., 136 AD3d 848, 849; Ribaudo v La Salle Inst., 45 AD3d 556, 557). In particular, the affidavit of the plaintiff's expert failed to accurately identify a violation of any specific safety standard which was applicable to floor hockey (see Altagracia v Harrison Cent. Sch. Dist., 136 AD3d at 849-850; Bendig v Bethpage Union Free School Dist., 74 AD3d 1263, 1264-1265; Ribaudo v La Salle Inst., 45 AD3d at 557; cf. Greenburg v Peekskill City School Dist., 255 AD2d 487, 488).
The defendant also established, prima facie, that it was not negligent in supervising the plaintiff (see Mirand v City of New York, 84 NY2d 44, 49). In opposition, the plaintiff failed to raise a triable issue of fact in support of her allegation that the defendant failed to properly supervise her to prevent her from suffering a concussion. The affidavit of the plaintiff's expert relied upon the University of the State of New York Guidelines for Concussion Management in the School Setting, which were promulgated after the alleged accident occurred (see Scarito v St. Joseph Hill Academy, 62 AD3d 773, 775). In any event, the plaintiff failed to submit any evidence that the defendant did not follow any guideline related to concussion prevention or management (see Altragracia v Harrison Cent. Sch. Dist., 136 AD3d at 850; Scarito v St. Joseph Hill Academy, 62 AD3d at 775).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court