Calderone v College (2019 NY Slip Op 08169)





Calderone v College


2019 NY Slip Op 08169


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-01160 
2017-07936
 (Index No. 706987/14)

[*1]Craig Calderone, appellant, 
v
Molloy College, et al., respondents, et al., defendants.


Antin, Ehrlich & Epstein, LLP, New York, NY (Scott W. Epstein and Anthony V. Gentile of counsel), for appellant.
Biedermann Hoeing Semprevivo, P.C., New York, NY (Philip C. Semprevivo, Jr., and Mary Catherine Mullen of counsel), for respondents Molloy College, Daniel Longo, Susan Cassidy-Lyke, and James Zegers.
Faust, Goetz, Schenker & Blee LLP, New York, NY (Lisa De Lindsay of counsel), for respondents Gerald Blaise, Mark Palardy, and David Daza.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 3, 2017, and (2) an order of the same court entered June 6, 2017. The order entered January 3, 2017, insofar as appealed from, granted that branch of the motion of the defendants Gerald Blaise, Mark Palardy, and David Daza which was for summary judgment dismissing the second amended complaint insofar as asserted against them. The order entered June 6, 2017, insofar as appealed from, granted that branch of the motion of the defendants Molloy College, Daniel Longo, Susan Cassidy-Lyke, and James Zegers which was for summary judgment dismissing the second amended complaint insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On September 26, 2012, the plaintiff, then a student-athlete at the defendant Molloy College, was playing for Molloy College in a soccer match on the campus of Holy Family University in Philadelphia, Pennsylvania. The plaintiff allegedly sustained a concussion when he was struck in the head with the soccer ball around the 10th minute of the first half of the match. The plaintiff remained in the match and continued to play until he was replaced by another player sometime during the last minutes of the match.
The plaintiff subsequently commenced the instant personal injury action against, among others, the defendants Molloy College; Daniel Longo, the head coach of the Molloy College [*2]men's soccer team; Susan Cassidy-Lyke, athletic director for Molloy College; and James Zegers, assistant athletic director for Molloy College and, at the time of the subject match, the head athletic trainer for the Molloy College men's soccer team (hereinafter collectively the Molloy College defendants); and the defendants Gerald Blaise, Mark Palardy, and David Daza, referees on the field at the time of the subject match (hereinafter collectively the referee defendants). As to the Molloy College defendants and the referee defendants, the plaintiff alleged that they were negligent in, among other things, not removing him from the match after he was struck in the head with the soccer ball in the 10th minute of the match. The plaintiff contended that, because he was left in the match after he sustained a concussion on the initial blow to the head, he was exposed to an increased risk of injury, which exacerbated or worsened his injuries or symptoms beyond the initial concussion.
The Molloy College defendants and the referee defendants separately moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against them, on the ground, among others, that the plaintiff assumed the risk of his injuries. The Supreme Court, in two separate orders, granted the separate motions. The plaintiff appeals.
Under the doctrine of primary assumption of risk, "[i]f the risks [of a sporting activity] are known by or perfectly obvious to [a voluntary participant], he or she has consented to them and the [defendant] has discharged its duty of care by making the conditions as safe as they appear to be" (Brown v City of New York, 69 AD3d 893, 893; see Morgan v State of New York, 90 NY2d 471, 484). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see E.B. v Camp Achim, 156 AD3d 865, 866). Participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485).
Under the circumstances of this case, the doctrine of primary assumption of risk is applicable and bars the plaintiff's recovery against both the Molloy College defendants and the referee defendants. The evidence relied upon in support of the respective motions of the Molloy College defendants and the referee defendants demonstrated, prima facie, that they had no reason to believe that the plaintiff had sustained a concussion and that the plaintiff assumed the risks of any injuries to his head or brain stemming from being hit in the head by a soccer ball during the course of play by voluntarily participating in the soccer match (see Bukowski v Clarkson Univ., 19 NY3d 353; Osmond v Hofstra Univ., 161 AD3d 1096, 1096; see e.g. Benitez v New York City Bd. of Educ., 73 NY2d 650, 654). In opposition, the plaintiff failed to raise a triable issue of fact as to whether any actions or inactions on the part of the Molloy College defendants or the referee defendants unreasonably increased the risk of injury normally associated with playing soccer (cf. Morgan v State, 90 NY2d at 488-489; Owen v R.J.S. Safety Equip., 79 NY2d 967; Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven Suffolk County, N.Y., 123 AD3d 960; Weinberger v Solomon Schechter Sch. of Westchester, 102 AD3d 675; DeMasi v Rogers, 34 AD3d 720, 721-722).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the separate motions of the Molloy College defendants and the referee defendants which were for summary judgment dismissing the second amended complaint insofar as asserted against them.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court