V.A. v City of New York (2020 NY Slip Op 06736)





V.A. v City of New York


2020 NY Slip Op 06736


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04415 
2018-11275
 (Index No. 700411/16)

[*1]V.A., etc., et al., appellants, 
v
City of New York, et al., respondents.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Mark R. Bernstein of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and John Moore of counsel), for respondents City of New York and New York City Department of Parks and Recreation.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondent Catholic Youth Organization of the Diocese of Brooklyn.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 1, 2018, and (2) an order of the same court entered September 6, 2018. The order entered March 1, 2018, insofar as appealed from, granted that branch of the motion of the defendant Catholic Youth Organization of the Diocese of Brooklyn which was for summary judgment dismissing the complaint insofar as asserted against it. The order entered September 6, 2018, insofar as appealed from, granted that branch of the motion of the defendants City of New York and New York City Department of Parks and Recreation which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
On June 12, 2015, the infant plaintiff, who was then in fifth grade, tripped and fell while playing soccer at a field in Queens. The field was owned by the defendants City of New York and New York City Department of Parks and Recreation (hereinafter together the City defendants). The infant plaintiff was playing in a soccer match within a league run by the defendant Catholic Youth Organization of the Diocese of Brooklyn (hereinafter CYO).
The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action against the City defendants and CYO, inter alia, to recover damages for personal injuries, alleging that the defendants were negligent in the ownership and maintenance of the subject field. CYO moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it based on the doctrine of primary assumption of risk. In an order entered March 1, 2018, the Supreme Court granted CYO's motion.
The City defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them on the grounds of collateral estoppel and law of the case, based on the Supreme Court's prior determination in favor of CYO in the order entered March 1, 2018. In an order entered September 6, 2018, the court, inter alia, granted that branch of the motion. The plaintiffs appeal from both orders.
Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484). The doctrine "encompasses risks involving less than optimal conditions" on an irregular playing surface (Bukowski v Clarkson Univ., 19 NY3d 353, 356; see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893, 894; Sykes v County of Erie, 94 NY2d 912, 913; Maddox v City of New York, 66 NY2d 270, 277).
CYO established, prima facie, its entitlement to judgment as a matter of law based on the doctrine of primary assumption of risk. The topography of the outdoor unpaved playing field on which the infant plaintiff was playing soccer was irregular. The risks posed by playing on that irregular surface were inherent in the activity of playing soccer on an outdoor unpaved field (see Sykes v County of Erie, 94 NY2d at 912; Morgan v State of New York, 90 NY2d at 471; Maddox v City of New York, 66 NY2d at 274-275; Ninivaggi v County of Nassau, 177 AD3d 981, 983, lv granted 35 NY3d 909). Moreover, the infant plaintiff's deposition testimony, as well as that of his mother, demonstrated that he was aware of and appreciated the inherent risks, and that the irregular condition of the subject field was not concealed and did not unreasonably increase any risks inherent in playing the sport of soccer on an outdoor unpaved field (see Bukowski v Clarkson Univ., 19 NY3d at 357; Ninivaggi v County of Nassau, 177 AD3d at 983; Philius v City of New York, 161 AD3d 787; Tinto v Yonkers Bd. of Educ., 139 AD3d 712, 712-713; Gahan v Mineola Union Free Sch. Dist., 241 AD2d 439, 440-441). In opposition, the plaintiffs failed to raise a triable issue of fact.
The determination in the order entered March 1, 2018, constituted law of the case with respect to the issue of the City defendants' potential liability in this action (see Martin v City of Cohoes, 37 NY2d 162, 165). No valid basis was raised for distinguishing between the liability of CYO and the City defendants. Therefore, based on the doctrine of primary assumption of risk, none of the defendants were liable.
Accordingly, we agree with the Supreme Court's determination to grant that branch of CYO's motion which was for summary judgment dismissing the complaint insofar as asserted against it and that branch the City defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court