■ RICHARD RUSSINI, Appellant, v INCORPORATED VILLAGE OF MINEOLA, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Burstein, J.), entered June 29, 1990, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when, as he was running between second and third base during an amateur softball game, he tripped and fell into a hole that was 4 to 6 inches deep and 6 to 12 inches wide. In its motion for summary judgment dismissing the complaint, the defendant produced evidence that the plaintiff was aware of the poor condition of the field, and that he had noticed depressions throughout the infield and near the bases, although he did not observe the particular hole in which he fell prior to sustaining the injury in question. Additionally, the defendant established that it regularly maintained the ballfield. The Supreme Court granted the defendant's motion and we affirm.

Participants in sporting events may be held to have consented to those injury-causing events which are the " 'known, apparent or reasonably foreseeable consequences of their participation' " *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657, quoting *Turcotte v Fell,* 68 NY2d 432, 439). However, the doctrine of assumption of the risk will not serve

as a bar to liability if the risk is unassumed, concealed, or unreasonably increased *(Benitez v New York City Bd. of Educ., supra,* at 658).

The plaintiff had observed that there were depressions in the field prior to the start of the game and that the field was in "poor condition". Since the injury-producing defect was not concealed, the plaintiff assumed the risk of being injured by one of those depressions and the complaint was properly dismissed *(see, Hoffman v City of New York,* 172 AD2d 716; *Gallagher v Town of N. Hempstead,* 144 AD2d 637; *Drew v State of New York,* 146 AD2d 847). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.