■ MELISSA MILLER, an Infant, by Her Mother and Natural Guardian, GERALDINE PALMER, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [629 NYS2d 74] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated February 2, 1994, which dismissed the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff alleged that she was injured when she fell while playing on a handball court maintained by the defendants. The alleged cause of her injury was a crack in the concrete. At the commencement of trial, the court granted the defendants' motion and dismissed the complaint because no prior written notice of the defect was provided as required by the Administrative Code of the City of New York (see, Administrative Code § 7-201).

On appeal, the plaintiffs have abandoned their argument that the defective condition at issue did not fall within the purview of the statute, and there is no dispute that no prior written notice was provided. However, the plaintiffs argue that no such notice was required because the defendants affirmatively created the defective condition (see, e.g., *Messina v City of New York*, 190 AD2d 659; *Bisulco v City of New York*, 186 AD2d 84; see also, *Poirier v City of Schenectady*, 85 NY2d 310). This contention is without merit. The evidence presented by the plaintiffs, including the offer of proof with respect to their expert's testimony, merely established that the defendants failed to repair a deteriorated condition (see, e.g., *Bryant v City of Newburgh*, 193 AD2d 773; *Parella v Levin*, 111 AD2d

750). Furthermore, the photographs presented to the court indicate that the condition of the handball court was readily observable and, contrary to the plaintiffs' contention, did not present a "trap-like" condition. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.