■ JOHN COLUCCI et al., Appellants, v NANSEN PARK, INC., et al., Respondents, and RUDY'S CATERING SERVICE, Defendant and Third-Party Plaintiff-Respondent. FIREMAN'S FUND INSURANCE COMPANY, Third-Party Defendant-Respondent. [640 NYS2d 578] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated November 23, 1994, which, *inter alia,* granted the respective motions of the respondents for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff John Colucci was injured when, as he was running after a fly ball in left field during an amateur softball game, he ran into a barrier separating the playing field from a gravel parking lot. The barrier was a white telephone pole about 15 feet long and lying horizontally about two feet off of the ground. In their respective motions for summary judgment dismissing the complaint, the respondents produced evidence that the barrier was not concealed. Although the plaintiff John Colucci did not see the barrier before running into it, he did not present evidence that the barrier was concealed. The Supreme Court, accordingly, granted the respondents' respective motions for summary judgment and we affirm.

Participants in sporting events may be held to have consented to injury-causing events which are the known, apparent, or reasonably foreseeable risks of their participation (*see, Turcotte v Fell,* 68 NY2d 432). The risks of the event include any obvious condition involved in the construction of the field (*see, Maddox v City of New York,* 66 NY2d 270, 277; *Turcotte v Fell, supra*). However, the doctrine of assumption of the risk will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see, Totino v Nassau County Council of Boy Scouts,* 213 AD2d 710; *Russini v Incorporated Vil. of Mineola,* 184 AD2d 561).

Since the injury-causing defect was not concealed and the

field was as safe as it appeared to be, the plaintiff John Colucci assumed the risk of being injured, and the complaint was properly dismissed (*see, Turcotte v Fell, supra,* at 439; *Russini v Incorporated Vil. of Mineola, supra*). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.