■ WARREN McKEY, III, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [650 NYS2d 706] —Judgment of the Supreme Court, Bronx County (Frank Diaz, J.), entered on or about January 24, 1995, which, after a jury trial, awarded

infant plaintiff $305,300 plus interest, costs and disbursements, is unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

On August 23, 1989, at about 7:15 P.M. while there was still light outside, the plaintiff, then 16 years old, was injured after a trip and fall caused by a hole clearly visible in the surface of a basketball court in the Morgan Playground, owned and/or operated by the defendants (referred to as the "City").

Plaintiff's assumption of the risk of injury was established as a matter of law (*see, Tarigo v Club Med Hualtulco*, 207 AD2d 709; *Morales v New York City Hous. Auth.*, 187 AD2d 295). Since plaintiff voluntarily chose to play basketball on a court surface whose faulty condition was "perfectly obvious," his injury, as a matter of law, cannot be held to be due to a violation of defendants' duty to exercise ordinary reasonable care to protect one in his position from unassumed, concealed or unreasonably increased risks (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658; *cf., Turcotte v Fell*, 68 NY2d 432, 439).

Plaintiff obviously knew or should have known that an open six inch hole under the basket would present a hazard to any player on that court. Such risk of injury was the "perfectly obvious" type of harm inherent in playing basketball on that court surface and one in which plaintiff, an experienced basketball player, consented to by electing to participate in the activity (*supra*, at 439). Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.