■ RANDOLPH WARREN et al., Appellants, v TOWN OF HEMPSTEAD, Respondent. [667 NYS2d 389] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated December 16, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Randolph Warren sustained personal injuries while playing basketball at a park owned by the defendant, when he tripped on a crack on the basketball court. Mr. Warren claimed in an affidavit that "although I was aware of the crack I was not aware of the depth or extent of the crack". The crack had been covered with a sealant, which the plaintiffs' expert, in an affidavit, claimed "disguise[d] the depth and extent of the cracks without curing the problem", thus misleading the players and "depart[ing] from good and accepted safe practice to safely maintain, inspect and protect the public from the hazardous condition".

The court granted summary judgment to the defendant on the ground that the plaintiff Randolph Warren assumed the risk of playing on a cracked basketball court. We now reverse.

By participating in the sport of basketball, the plaintiff Randolph Warren "assumed the risks inherent in playing on the

outdoor basketball court where he sustained his injuries, including those risks associated with the construction of the court and any open and obvious conditions on it" (*Walner v City of New York,* 244 AD2d 629; *see, Colucci v Nansen Park,* 226 AD2d 336). However, "the doctrine of assumption of the risk will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (*Colucci v Nansen Park, supra,* at 336), nor does the doctrine of assumption of the risk exculpate a landowner from liability for ordinary negligence in maintaining a playing field (*see, Siegel v City of New York,* 90 NY2d 471). Under the circumstances of this case, summary judgment is precluded by a question of fact as to whether, due to the defendant's use of the sealant, the depth and extent of the cracks were "open and obvious" (*Walner v City of New York, supra*). Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.