■ CARLTON BROWN, Respondent, v CITY OF NEW YORK, Appellant. [674 NYS2d 82] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 23, 1997, which denied its motion for summary judgment with leave to renew.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is well settled that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*see, Morgan v State of New York*, 90 NY2d 471, 484). This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it (*see, Maddox v City of New York*, 66 NY2d 270, 277; *Garafola v City of New York*, 247 AD2d 581; *Walner v City of New York*, 243 AD2d 629). Here, the parties' submissions, which included the plaintiff's testimony at the hearing held pursuant to General Municipal Law § 50-h, and photographs depicting the accident site, reveal that the hole in the paved surface of the subject basketball court was clearly visible. Since the plaintiff voluntarily chose to play on a court surface whose faulty condition was open and obvious, he assumed the risk of injury from stepping into a hole or depression (*see, Walner v City of New York, supra; McKey v City of New York*, 234 AD2d 114; *Touti v City of New York*, 233 AD2d 496). Accordingly, the defendant's motion for summary judgment is granted. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.