■ FRANK PAONE, Appellant, v COUNTY OF SUFFOLK et al., Defendants, and CONNETQUOT CENTRAL SCHOOL DISTRICT et al., Respondents. [674 NYS2d 761] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 7, 1997, which granted the motion of the defendants Connetquot Central School District and Helen B. Duffield Elementary School for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was injured while playing basketball on an outdoor court located at the Helen B. Duffield Elementary School in Ronkonkoma, New York. The plaintiff claims that he was dribbling the ball toward the basket when he stepped into a hole or depression on the paved surface of the court. According to the plaintiff, the hole was about "a foot or two" wide, "a couple of inches" deep, and at least partially covered by grass growing out of the break in the asphalt. The property owners subsequently moved for summary judgment, contending that the doctrine of assumption of the risk barred the plaintiff from recovery, and that the action should be dismissed because they had no notice of the alleged defect. The Supreme Court found that the plaintiff's claim that the hole was concealed by grass created an issue of fact as to whether the doctrine of assumption of the risk applied, but granted the appellants' motion for summary judgment on the ground that they had no actual or

constructive notice of the defective condition. We now affirm the dismissal of the action, but upon the alternative ground that the doctrine of assumption of the risk applies under the circumstances of this case (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Giaimo v Roller Derby Skate Corp.,* 234 AD2d 340).

It is well settled that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484). This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it (*see, Maddox v City of New York,* 66 NY2d 270, 277; *Garafola v City of New York,* 247 AD2d 581; *Walner v City of New York,* 243 AD2d 629). Here, the parties' submissions, which included the plaintiff's deposition testimony and a photograph depicting the accident site, reveal that the cracks and breaks in the paved surface of the court were clearly visible, and not concealed by grass. Since the plaintiff voluntarily chose to play basketball on a court surface with a faulty condition that was open and obvious, he assumed the risk of injury from stepping into a hole or depression (*see, Maddox v City of New York, supra; McKey v City of New York,* 234 AD2d 114; *Russini v Incorporated Vil. of Mineola,* 184 AD2d 561). Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.