■ VLADIMIR V. RETIAN, Appellant, v CITY OF NEW YORK, Respondent. [686 NYS2d 857] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated February 10, 1998, which granted the cross motion of the defendant for summary judgment dismissing the complaint and denied as academic his motion to compel discovery.

Ordered that the order is affirmed, with costs.

The plaintiff was injured while playing handball on an outdoor court located at the Joseph Austin Park in Queens. He claimed that he had been playing for a few minutes when he stepped to the right to hit the ball and tripped or fell over a hole on the paved surface. The hole was located immediately adjacent to an expansion joint which was painted yellow in some places, and constituted the "short" foul line of the court. According to the plaintiff, the hole was approximately one foot long, several inches wide at its widest point, and ¾ of an inch deep, but it was not readily visible due to its location next to the foul line.

When the City allegedly failed to respond adequately to the plaintiff's discovery requests for records, he moved to compel discovery. The City cross-moved for summary judgment on the basis that the plaintiff had assumed the risk of engaging in this recreational activity.

It is well settled that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484). This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it (*see, Maddox v City of New York,* 66 NY2d 270, 277; *see also, Brown v City of New York,*

251 AD2d 361). In the present case, the parties' submissions, which included the plaintiff's deposition testimony, his testimony at the hearing held pursuant to General Municipal Law § 50-h, and photographs depicting the accident site, reveal that the hole in the paved surface of the handball court was clearly visible. Since the plaintiff voluntarily chose to play on a court surface on which there was a faulty condition that was open and obvious, he assumed the risk of injury from stepping into the hole (*see, Paone v County of Suffolk,* 251 AD2d 563; *Brown v City of New York, supra; Touti v City of New York,* 233 AD2d 496; *Colucci v Nansen Park,* 226 AD2d 336; *Miller v City of New York,* 217 AD2d 537).

Accordingly, the defendant's cross motion for summary judgment was properly granted, and the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion as academic. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.