■ Kenneth Green, Appellant, v City of New York et al., Respondents. [693 NYS2d 43] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 21, 1998, which granted defendants' cross-motion for summary judgment dismissing the complaint and denied plaintiff's motion to strike defendants' answer as moot, unanimously affirmed, without costs.

On July 3, 1994, plaintiff, an inmate at a city correctional facility, tripped and fell during the course of a basketball game, injuring his knee. The evidence shows that plaintiff fell on an open and obvious defect on the basketball court, of which he was aware.

It is well established that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). This encompasses those risks that are associated with the construction of the playing field and any open and obvious defects on it (*Maddox v City of New York*, 66 NY2d 270, 277).

In this case, since plaintiff voluntarily chose to play basketball on a court surface whose faulty condition was perfectly obvious, his injury, as a matter of law, cannot be held to be due to a violation of defendants' duty to exercise ordinary, reasonable care (*McKey v City of New York*, 234 AD2d 114; *see also, Retian v City of New York*, 259 AD2d 684; *Sheridan v City of New York*, 261 AD2d 528; *Paone v County of Suffolk*, 251 AD2d 563; *Brown v City of New York*, 251 AD2d 361; *compare, Warren v Town of Hempstead*, 246 AD2d 536). Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.