■ LEON SMITH, Appellant, v VILLAGE OF HEMPSTEAD, Respondent. [693 NYS2d 240] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Nassau County (DeMaro, J.), dated May 18, 1998, which granted the motion of the defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In *Walner v City of New York* (243 AD2d 629), this Court stated, "The Supreme Court properly concluded that the plaintiff assumed the risks inherent in playing on the outdoor basketball court where he sustained his injuries, including those risks associated with the construction of the court and any open and obvious conditions on it (*see, Maddox v City of New York,* 66 NY2d 270, 277; *Touti v City of New York,* 233 AD2d 496; *DiPietro v Adelphi Univ.,* 233 AD2d 416; *see also, Marescott v St. Augustine's R. C. School,* 226 AD2d 507 * * *)". Our review of the record in this case, including the relevant photographs, leads to the conclusion that the crack which allegedly caused the plaintiff to fall was an open and obvious condition within the meaning of this rule. We note that the plaintiff's expert himself described the condition as "an open hazard" (*cf., Warren v Town of Hempstead,* 246 AD2d 536). The Supreme Court was therefore correct in granting summary judgment to the defendant (*see also, Retian v City of New York,* 259 AD2d 684; *Brown v City of New York,* 251 AD2d 361). "Since the plaintiff voluntarily chose to play basketball on a court surface with a faulty condition that was open and obvious, he assumed the risk of injury from stepping into a hole or depression" (*Paone v County of Suffolk,* 251 AD2d 563, 564, citing *Maddox v City of New York, supra; see also, McKey v City of New York,* 234 AD2d 114; *Russini v Incorporated Vil. of Mineola,* 184 AD2d 561). Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.