■ Reginald Gatling, Appellant, v Bronx Lebanon Hospital Center et al., Respondents, et al., Defendants. [696

NYS2d 457] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about July 9, 1998, granting the motion of defendants Bronx Lebanon Hospital Center and Bronx Lebanon Drug and Alcohol Out-Patient Program for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484), and accordingly, in this case, plaintiff, having voluntarily chosen to throw a shotput on a grassy surface, assumed the ordinary risks of that activity, one of which was that he would lose his footing on the grass as he released the shotput. There is nothing in the record to support plaintiff's claim that the risks that gave rise to his injury were anything other than obvious concomitants of the activity in which he had elected to participate. This being the case, his injury cannot, as a matter of law, be attributed to any failure by defendants to exercise ordinary care (*see, Green v City of New York*, 263 AD2d 385). Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.