■ BRANDON MILLINER, an Infant, by His Mother and Natural Guardian, THERESA McMULLIN, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. (And a Third-Party Action.) [870 NYS2d 260]—

Dismissal of the complaint was appropriate since plaintiff as-

sumed the risks inherent in playing basketball outdoors (*see Sykes v County of Erie*, 94 NY2d 912 [2000]; *LaSalvia v City of New York*, 305 AD2d 267 [2003]; *McKey v City of New York*, 234 AD2d 114 [1996]). The evidence establishes that plaintiff, an experienced basketball player who was familiar with the subject court's playing surface and its depressions, slipped in a puddle of water and fell. Indeed, plaintiff acknowledged that he had been playing on the court for about an hour and a half prior to his fall and was aware of the puddle.

The court properly found the expert's affidavit submitted by plaintiff to be of no probative value because it was vague and unsubstantiated (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Parris v Port of N.Y. Auth.*, 47 AD3d 460, 461 [2008]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.