The complaint was properly dismissed in this action where the incarcerated plaintiff was injured while playing basketball on an outdoor court. Elaintiff fractured his ankle when he jumped and landed on a defect in the pavement, which had created a significant unevenness in the playing surface. Elaintiff *561 was aware of the defect in the pavement before the day of his accident.
It is well established that “by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]). Here, plaintiff assumed the risk of injury by voluntarily playing basketball on the outdoor court and the risks inherent in the sport (see Green v City of New York, 263 AD 2d 385 [1st Dept 1999]).
Plaintiff, relying on Trupia v Lake George Cent. School Dish (14 NY3d 392, 396 n [2010]), argues that the assumption of the risk doctrine should not be applied because he did not “freely and knowingly consentí ]” to the risks of playing basketball on the outdoor court, as that was the only recreational activity available to him. Plaintiffs contention is belied by his testimony at the General Municipal Law § 50-h hearing.
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.