■ MARIA STARON, Plaintiff, v DECKER ASSOCIATES, LLC, Defendant/Third-Party Plaintiff-Appellant, and PERFECTAIRE CO., INC., Defendant/Third-Party Defendant-Respondent, et al., Defendant, et al., Third-Party Defendant. [23 NYS3d 361]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff, Decker Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 24, 2013, as denied its motion to strike the plaintiff's note of issue, granted those branches of the motion of the defendant/third-party defendant Perfectaire Co., Inc., which were for summary judgment dismissing its cross claim and third-party cause of action for contractual indemnification insofar as asserted against Perfectaire Co., Inc., and denied its cross motion, in effect, for summary judgment on its cross claim and third-party cause of action for contractual indemnification insofar as asserted against Perfectaire Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that she was injured when she fell while descending an interior staircase in a building owned by the defendant/third-party plaintiff, Decker Associates, LLC (hereinafter Decker), due to insufficient lighting. On the date of the plaintiff's accident, the defendant Athens Electric, Inc. (hereinafter Athens Electric), which had entered into a contract with Decker to perform certain electrical work in the building, disconnected the electricity to the common areas of the building to perform electrical work in connection with the installation of a cooling tower. Decker entered into a separate contract with the defendant/third-party defendant Perfectaire Co., Inc. (hereinafter Perfectaire), to install the cooling tower. The plaintiff contends that she fell during the period when Athens Electric had disconnected the power to perform its work.

The plaintiff commenced this action against Decker to recover damages for personal injuries. Decker commenced a third-party action against Perfectaire and Athens Electric for contribution and common-law and contractual indemnification. The plaintiff then amended her complaint to add Perfectaire and Athens Electric as defendants. After the plaintiff filed a note of issue, Decker moved to strike the plaintiff's note of issue, arguing that further discovery was necessary to determine the relationship between Perfectaire and Athens Electric. Perfectaire moved for summary judgment dismissing the complaint, all cross claims, and the third-party complaint insofar as asserted against it. Decker cross-moved, in effect, for summary judgment on its cross claim and third-party cause of action for contractual indemnification against Perfectaire. The Supreme Court granted Perfectaire's motion and denied

Decker's motion and cross motion. Decker appeals, challenging the dismissal of its cross claim and third-party cause of action for contractual indemnification against Perfectaire and the denial of its motion and cross motion.

A party's right to contractual indemnification depends upon the specific language of the relevant contract (*see Campisi v Gambar Food Corp.*, 130 AD3d 854, 855 [2015]; *Desena v North Shore Hebrew Academy*, 119 AD3d 631, 636 [2014]; *Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]).

Here, Perfectaire established its prima facie entitlement to judgment as a matter of law dismissing Decker's claim for contractual indemnification against it. The contract between Decker and Perfectaire requires Perfectaire to indemnify Decker for a claim of bodily injury "arising out of or resulting from performance of the Work" Perfectaire agreed to perform under the contract. Perfectaire established, prima facie, that the work Perfectaire agreed to perform for Decker pursuant to the contract between Perfectaire and Decker did not include the electrical work performed by Athens Electric. Perfectaire also established, prima facie, that Athens Electric was not its subcontractor. It is undisputed that Athens Electric did not have a contract with Perfectaire, and therefore it was not a subcontractor as that term is defined in the contract. Thus, the indemnification provisions of the contract between Perfectaire and Decker were not triggered, as the plaintiff's accident did not arise out of or result from work performed by Perfectaire or a subcontractor of Perfectaire.

In opposition, Decker failed to raise a triable issue of fact as to whether Athens Electric was a subcontractor of Perfectaire or whether the plaintiff's accident arose out of or resulted from Perfectaire's work.

Accordingly, the Supreme Court properly granted that branch of Perfectaire's motion which was for summary judgment dismissing Decker's cross claim and third-party cause of action for contractual indemnification insofar as asserted against it, and denied Decker's cross motion, in effect, for summary judgment on its cross claim and third-party cause of action for contractual indemnification against Perfectaire. The court also properly denied Decker's motion to strike the plaintiff's note of issue. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.