■ JAMES WALLACE, Appellant, v CITY OF NEW YORK et al., Respondents. [28 NYS3d 313]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 18, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing of their entitlement to judgment as a matter of law, by submitting evidence showing that plaintiff, an experienced basketball player, voluntarily chose to play basketball on an outdoor court that had an open

and obvious defect on its surface (*see McKey v City of New York*, 234 AD2d 114, 115 [1st Dept 1996]). The crack and/or hole in the basketball court's surface that allegedly caused plaintiff's injury was one of the risks he assumed when he decided to play basketball on the court, which was located in a public park owned and maintained by defendants (*see Felton v City of New York*, 106 AD3d 488, 489 [1st Dept 2013]; *Ortiz v City of New York*, 101 AD3d 446 [1st Dept 2012]). The photographs of the defect and plaintiff's testimony that nothing was blocking the defect before he stepped on it demonstrate that the defect was open and obvious (*see LaSalvia v City of New York*, 305 AD2d 267, 267-268 [1st Dept 2003]).

Plaintiff's expert affidavits failed to raise a triable issue of fact, because the experts' assertions are speculative or unsupported by any evidentiary foundation or industry standard (*Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327, 327 [1st Dept 2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Manzanet-Daniels, Kapnick and Gesmer, JJ.