O'Brien v Asphalt Green, Inc. (2021 NY Slip Op 02534)





O'Brien v Asphalt Green, Inc.


2021 NY Slip Op 02534


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-06184
 (Index No. 12847/14)

[*1]Feely O'Brien, respondent, 
v
Asphalt Green, Inc., appellant.


Rutherford & Christie, LLP, New York, NY (Michael C. Becker of counsel), for appellant.
Pazer, Epstein, Jaffe & Fein, P.C., New York, NY (Matthew J. Fein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated March 12, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who was a swimming official, allegedly was injured when she slipped and fell on a wet condition on the pool deck at an indoor swimming facility located in Manhattan, which was operated by the defendant, Asphalt Green, Inc. The plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained when she fell. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff assumed the risk, and that it cannot be held liable for the plaintiff's accident since the wet condition was necessarily incidental to the use of an indoor pool. The Supreme Court denied the defendant's motion, and the defendant appeals.
Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503), we assume that the slippery condition that allegedly caused the plaintiff's fall resulted from brown water that dripped from what the plaintiff described as an overhead pipe, rather than from water splashed from the pool. Thomas O'Connor, the defendant's director of operations, testified at his deposition that the indoor swimming facility had a dehumidification system, which delivered 83-degree air to the pool area year-round. O'Connor testified that water droplets from the pool would rise and mix with dust that had accumulated on top of air ducts, and then the moisture would run down the ductwork and could make its way to the floor.
The Supreme Court properly determined that the defendant cannot obtain summary judgment by relying on the cases in which courts have dismissed personal injury claims arising out of slipping on water around pools based on the reasoning that such water was necessarily incidental to the use of the area (see Dove v Manhattan Plaza Health Club, 113 AD3d 455, 455-456; Rizzo v Sherwin-Williams Co., 49 AD3d 847, 849; Martinez v City of New York, 276 AD2d 756, 756-757; [*2]Valdez v City of New York, 148 AD2d 697, 698; Sciarello v Coast Holding Co., Inc., 242 App Div 802, 802-803, affd 267 NY 585; see also Conroy v Saratoga Springs Auth., 259 App Div 365, affd 284 NY 723). The defendant failed to establish, prima facie, that water accumulation on an indoor pool deck from condensation that had formed and dripped from overhead pipes or ductwork was necessarily incidental to the use of an indoor swimming facility (see generally Grossman v TCR, 142 AD3d 854, 855; Van Stry v State of New York, 104 AD2d 553, 555).
Further, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk. Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Kannavos v Yung-Sam Ski, Ltd., 187 AD3d 730, 730; Ninivaggi v County of Nassau, 177 AD3d 981, 982, lv granted 35 NY3d 909). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642; see also Custodi v Town of Amherst, 20 NY3d at 88).
The doctrine applies to inherent risks related to "the construction of the playing [field or] surface and any open and obvious condition on it" and encompasses risks involving less than optimal conditions (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854; see Bukowski v Clarkson Univ., 19 NY3d 353, 356; Ninivaggi v County of Nassau, 177 AD3d at 982). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278). "However, participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643; see Custodi v Town of Amherst, 20 NY3d at 88).
Here, the hazardous condition of an indoor pool deck wet from condensation that had formed and dripped was not open and obvious and created a risk beyond that inherent in the sport of swimming in an indoor swimming facility (see Morgan v State of New York, 90 NY2d at 488; Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641; Samuels v Town Sports Intl., LLC, 174 AD3d 429, 430). Further, "the doctrine of assumption of risk does not exculpate a landowner from liability for ordinary negligence in maintaining a premises" (Sykes v County of Erie, 94 NY2d 912, 913; see Ninivaggi v County of Nassau, 177 AD3d at 983).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court