Cruz v City of New York (2021 NY Slip Op 04658)





Cruz v City of New York


2021 NY Slip Op 04658


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-09403
 (Index No. 714064/16)

[*1]Alfredo Cruz, appellant, 
v
City of New York, respondent.


Greenberg Law P.C., New York, NY (Robert J. Menna of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Kate Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 12, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 12, 2016, the plaintiff, while playing basketball with his son at the "Jamaica Playground" outdoor basketball court in Queens County, allegedly injured his ankle when he jumped and then stepped into a crack or hole in the asphalt surface of the court while trying to prevent a ball from going out of bounds. The plaintiff subsequently commenced the instant action against the defendant, City of New York, to recover damages for personal injuries, alleging, among other things, that the defendant was negligent in the maintenance of the surface of the basketball court. After joinder of issue and the filing of the note of issue, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff assumed the risk of his injuries. In an order entered July 12, 2019, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (see id. at 484). Assumption of risk is not an absolute defense but a measure of the defendant's duty of care (see Turcotte v Fell, 68 NY2d 432, 439). The defendant's duty is "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and defendant has performed its duty" (id. at 439; see Brown v City of New York, 69 AD3d 893, 893). This includes risks associated with the construction of the playing surface and any open and obvious condition on it, including less than optimal conditions (see Bukowski v Clarkson Univ., 19 NY3d 353, 356; Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854). However, participants are not deemed to have assumed [*2]risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport (see Custodi v Town of Amherst, 20 NY3d 83, 88; Morgan v State of New York, 90 NY2d at 485).
In the present case, the defendant's submissions in support of its motion, which included transcripts of the plaintiff's deposition testimony and his testimony at the hearing held pursuant to General Municipal Law § 50-h and photographs depicting the accident site, reveal that the crack or hole in the surface of the basketball court which allegedly caused the plaintiff's accident was clearly visible and the somewhat irregular nature of the surface was apparent (see Smith v Village of Hempstead, 264 AD2d 413; Retian v City of New York, 259 AD2d 684, 684-685; Colucci v Nansen Park, 226 AD2d 336). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint based upon the doctrine of primary assumption of risk.
MASTRO, J.P., RIVERA and HINDS-RADIX, JJ., concur.
DUFFY, J., concurs in the result, on constraint of Ribaudo v La Salle Inst. (45 AD3d 556), with the following memorandum:
The doctrine of primary assumption of risk was never intended to allow a landowner to permit a recreational facility to fall into a neglectful state of disrepair, completely relieving it of any duty to sports participants. In the case at bar, the outdoor basketball court at issue contained deep cracks that were long-persisting, including the cracked condition that is alleged to have caused the plaintiff's injury. This cracked condition of the basketball court is not a risk inherent in the sport of basketball and, in my view, under these circumstances, the doctrine of primary assumption of risk is not applicable (see Ninivaggi v County of Nassau, 177 AD3d 981, 984 [Maltese, J., dissenting]; Philius v City of New York, 161 AD3d 787, 790 [Connolly, J., concurring]). However, this Court's precedent compels affirmance of the Supreme Court's order entered July 12, 2019, granting the defendant's motion for summary judgment dismissing the complaint, since the general condition of the basketball court was open and obvious and the plaintiff voluntarily chose to play basketball at this location (see Ribaudo v La Salle Inst., 45 AD3d 556, 557).
Thus, while I concur in the result reached by my colleagues, I do so only under constraint of this Court's precedent.
ENTER:
Aprilanne Agostino
Clerk of the Court