Maharaj v City of New York (2021 NY Slip Op 06841)





Maharaj v City of New York


2021 NY Slip Op 06841


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-14525
 (Index No. 507825/16)

[*1]Parnand Maharaj, appellant, 
v
City of New York, et al., respondents.


The Cochran Firm (Alexander J. Wulwick, New York, NY of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Devin Slack and Kevin Osowski of counsel; David M. Alexander on the brief), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 15, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 9, 2015, the plaintiff allegedly was injured when he fell while playing cricket on the tennis courts at Lincoln Terrace/Arthur S. Somers Park (hereinafter the park) in Brooklyn. The plaintiff alleged that he tripped over a two-to-four-inch deep hole that was concealed inside a long crack, which was approximately seven feet long and between three to eight inches wide, in the asphalt playing surface. The plaintiff commenced the instant action to recover damages for personal injuries. After discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff assumed the risk of his injuries. In an order dated November 15, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals, and we affirm.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Kannavos v Yung-Sam Ski, Ltd., 187 AD3d 730, 730; Ninivaggi v County of Nassau, 177 AD3d 981, 982). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642).
"Assumption of risk is not an absolute defense but a measure of the defendant's duty of care" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 642; see Turcotte v Fell, 68 NY2d 432, 439). The defendants' duty is "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and defendant has performed its duty" (Turcotte v Fell, 68 NY2d at 439; see [*2]Laurent v Town of Oyster Bay, 163 AD3d 544, 545). "This includes risks associated with the construction of the playing surface and any open and obvious condition on it, including less than optimal conditions" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643; see Bukowski v Clarkson Univ., 19 NY3d 353, 356; V.A. v City of New York, 188 AD3d 962, 963). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278; Philius v City of New York, 161 AD3d 787, 788). "However, participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643; see Custodi v Town of Amherst, 20 NY3d at 88). Further, "the doctrine of assumption of risk does not exculpate a landowner from liability for ordinary negligence in maintaining a premises" (Sykes v County of Erie, 94 NY2d 912, 913; see O'Brien v Asphalt Green, Inc., 193 AD3d 1061, 1063; Ninivaggi v County of Nassau, 177 AD3d at 983).
Here, the defendants' submissions in support of their motion, which included the plaintiff's deposition testimony and photographs allegedly depicting the accident site, reveal that the crack in the surface of the subject tennis courts, which allegedly caused the plaintiff's accident, was clearly visible (see Cruz v City of New York, 197 AD3d 555, 556; Casey v Garden City Park-New Hyde Park School Dist., 40 AD3d 901, 901; Sammut v City of New York, 37 AD3d 811, 812; Smith v Village of Hempstead, 264 AD2d 413, 414; Cevetillo v Town of Mount Pleasant, 262 AD2d 517, 518; Retian v City of New York, 259 AD2d 684, 685; Paone v County of Suffolk, 251 AD2d 563, 564; Brown v City of New York, 251 AD2d 361, 361). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the open and obvious crack concealed the depth and extent of the alleged hole (see Lincoln v Canastota Cent. School Dist., 53 AD3d 851, 852; Colucci v Nansen Park, Inc., 226 AD2d 336, 336; cf. Warren v Town of Hempstead, 246 AD2d 536, 537).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment.
MASTRO, J.P. and AUSTIN, JJ., concur.
CONNOLLY, J., concurs in the result, on constraint, and votes to affirm the order and grant the defendants' motion for summary judgment dismissing the complaint, with the following memorandum, in which DUFFY, J., concurs:
The doctrine of primary assumption of risk was never intended to allow a landowner to permit a recreational facility to fall into a neglectful state of disrepair, completely relieving it of any duty to sports participants (see Cruz v City of New York, 197 AD3d 555 [Duffy, J., concurring]; Ninivaggi v County of Nassau, 177 AD3d 981, 984 [Maltese, J., dissenting]; Philius v City of New York, 161 AD3d 787, 790 [Connolly, J., concurring]). In the case at bar, the outdoor tennis court contained cracks that were long-persisting and readily apparent. While the plaintiff was playing a game of cricket on the tennis court, his foot allegedly got caught in a deep crack, causing him to sustain personal injuries. Although this Court's precedent compels dismissal of the complaint, in my view, Court of Appeals precedent dictates a contrary result.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 473; see Custodi v Town of Amherst, 20 NY3d 83, 88). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d at 484). Moreover, "participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 643; see Custodi v Town of Amherst, 20 NY3d at 88). Further, "the doctrine of assumption of risk does [*3]not exculpate a landowner from liability for ordinary negligence in maintaining a premises" (Sykes v County of Erie, 94 NY2d 912, 913; see O'Brien v Asphalt Green, Inc., 193 AD3d 1061, 1063).
Guided by these principles, I maintain that the doctrine of primary assumption of risk should not be applied to the facts presented here. The cracked condition of the tennis court was not a risk inherent in the sport of tennis or cricket. "Rather, it may qualify as and constitute an allegedly negligent condition occurring in the ordinary course of any property's maintenance[,] . . . implicat[ing] typical comparative negligence principles" (Morgan v State of New York, 90 NY2d at 488; Palladino v Lindenhurst Union Free School Dist., 84 AD3d 1194, 1201 [Skelos, J., concurring]). "Placing undue emphasis on the plaintiff's knowledge of the alleged dangerous condition improperly relieves landowners of their general duty to maintain their property in a reasonably safe condition" (Philius v City of New York, 161 AD3d at 799 [Connolly, J., concurring]; see Cruz v City of New York, 197 AD3d 555 [Duffy, J., concurring]; Ninivaggi v County of Nassau, 177 AD3d at 984 [Maltese, J., dissenting]).
Thus, while I concur in the result reached by my colleagues, I do so only under constraint of this Court's precedent, which compels affirmance of the Supreme Court's order dated November 15, 2019, granting the defendants' motion for summary judgment dismissing the complaint, since the general condition of the tennis courts was open and obvious and the plaintiff voluntarily chose to play cricket at this location (see Casey v Garden City Park-New Hyde Park School Dist., 40 AD3d 901, 901; Sammut v City of New York, 37 AD3d 811, 812; Smith v Village of Hempstead, 264 AD2d 413, 414).
ENTER:
Maria T. Fasulo
Clerk of the Court