A.L. v Chaminade Mineola Socy. of Mary, Inc. (2022 NY Slip Op 01994)





A.L. v Chaminade Mineola Socy. of Mary, Inc.


2022 NY Slip Op 01994


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2020-02379
 (Index No. 602927/18)

[*1]A.L., etc., et al., respondents, 
v
Chaminade Mineola Society of Mary, Inc., etc., et al., appellants-respondents, Sisters of St. Joseph Brentwood, etc., respondent-appellant.


Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Brian R. Davey of counsel), for appellants-respondents.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for respondent-appellant.
Simon Lesser, P.C., New York, NY (Leonard F. Lesser and Nathaniel Levy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Chaminade Mineola Society of Mary, Inc., Holy Trinity Diocesan High School, Diocese of Rockville Centre, Robert Casella, Donald Scarola, and Megan McNeely appeal, and the defendant Sisters of St. Joseph Brentwood cross-appeals, from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered February 19, 2020. The order, insofar as appealed from, denied the motion of the defendants Chaminade Mineola Society of Mary, Inc., Robert Casella, and Donald Scarola, and the separate motion of the defendants Holy Trinity Diocesan High School, Diocese of Rockville Centre, and Megan McNeely, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and denied the motion of the defendant Chaminade Mineola Society of Mary, Inc., for summary judgment on its cross claim for contractual indemnification against the defendant Sisters of St. Joseph Brentwood. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant Sisters of St. Joseph Brentwood which was for summary judgment dismissing the cross claim by the defendant Chaminade Mineola Society of Mary, Inc., for contractual indemnification against it.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendant Sisters of St. Joseph Brentwood which was for summary judgment dismissing the cross claim by the defendant Chaminade Mineola Society of Mary, Inc., for contractual indemnification against it is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sisters of St. Joseph Brentwood payable by the defendant Chaminade Mineola Society of Mary, Inc., and one bill of costs is awarded to the plaintiffs payable by the defendants Chaminade Mineola Society of Mary, Inc., [*2]Holy Trinity Diocesan High School, Diocese of Rockville Centre, Robert Casella, Donald Scarola, and Megan McNeely.
The infant plaintiff, A. L., was a member of the girls swim team for the defendant Holy Trinity Diocesan High School, Diocese of Rockville Centre (hereinafter Holy Trinity). On October 11, 2016, during a swim meet held at a facility operated by the defendant Chaminade Mineola Society of Mary, Inc. (hereinafter Chaminade), A. L. dove from a starting block located at the shallow end of the swimming pool, which had a four-foot depth, and hit her head on the bottom of the pool. The plaintiffs commenced this action to recover damages for A. L.'s personal injuries and derivative injuries allegedly sustained by her father against Chaminade, Holy Trinity, the defendant Megan McNeely, the infant plaintiff's coach, the defendant Robert Casella, the facilities manager for Chaminade, the defendant Donald Scarola, the athletic director of Chaminade, and the defendant Sisters of St. Joseph Brentwood (hereinafter Sacred Heart), which hosted the swim meet. Sacred Heart cross-claimed against the other defendants for indemnification. Chaminade cross-claimed against Sacred Heart, inter alia, for contractual indemnification.
Chaminade, Casella, and Scarola moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that they were not negligent and that the infant plaintiff assumed the risk of injury. Holy Trinity and McNeely moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, also arguing that they were not negligent and that the infant plaintiff assumed the risk of injury. Chaminade moved for summary judgment on its cross claim against Sacred Heart for contractual indemnification. Sacred Heart moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In the order appealed from, the Supreme Court granted that branch of Sacred Heart's motion which was for summary judgment dismissing the complaint insofar as asserted against it, but otherwise denied the motions. Chaminade, Casella, Scarola, Holy Trinity, and McNeely together appeal (hereinafter collectively the appellants). Sacred Heart cross-appeals.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d at 484; Turcotte v Fell, 68 NY2d 432, 439).
"[A]ssumption of risk is not an absolute defense but a measure of the defendant's duty of care" (Turcotte v Fell, 68 NY2d at 439; see Maharaj v City of New York, 200 AD3d 769; Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642). The defendant's duty is "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and defendant has performed its duty" (Turcotte v Fell, 68 NY2d at 439; see Maharaj v City of New York, 200 AD3d 769; Laurent v Town of Oyster Bay, 163 AD3d 544, 545). "This includes risks associated with the construction of the playing surface and any open and obvious condition on it, including less than optimal conditions" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643 [internal quotation marks omitted]; see Bukowski v Clarkson Univ., 19 NY3d 353, 356; Maharaj v City of New York, 200 AD3d 769; V.A. v City of New York, 188 AD3d 962, 963). "It is not necessary to the application of assumption of risk that the [participant] have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278; see Maharaj v City of New York, 200 AD3d 769; Philius v City of New York, 161 AD3d 787, 788). "However, participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643; see Custodi v Town of Amherst, 20 NY3d at 88; Morgan v State of New York, 90 NY2d at 485). A participant's appreciation of the inherent risk is "to be assessed against the background of the skill and experience of the particular plaintiff" (Morgan v State of New York, 90 NY2d at 486 [internal quotation marks omitted]; see Philius v City of New York, 161 AD3d at 788).
Here, the appellants failed to establish, prima facie, that A. L. assumed the risk of injury when she dove into the shallow end of the swimming pool from a starting block. The deposition testimony relied upon by the appellants raises triable issues of fact as to whether A. L. was exposed to an unassumed risk, among other things. Specifically, A. L.'s deposition testimony established that, at the time of the subject incident, she was a competitive swimming novice with little to no experience diving into shallow water from a starting block, and that she did not receive adequate training from her coaches to safely perform race-start dives in this manner (see Haggerty v Northern Dutchess Hosp., 199 AD3d 783, 784; Zhou v Tuxedo Ridge, LLC, 180 AD3d 960, 963; Georgiades v Nassau Equestrian Ctr. at Old Mill, Inc., 134 AD3d 887, 889).
The Supreme Court properly declined to address the appellants' contention that they were immune from liability pursuant to a so-called express assumption of risk defense premised upon a parental consent form executed by A. L.'s father, as it was improperly raised for the first time in their respective reply papers, and there is no indication that the plaintiffs were afforded an opportunity to submit a reply or that this new argument responded to allegations that the plaintiffs raised for the first time in their opposition papers (see Gottlieb v Wynne, 159 AD3d 799, 801).
Contrary to the appellants' contention, the Supreme Court properly found that triable issues of fact exist as to whether the appellants were negligent in failing to move the starting blocks to the deep end of the pool in contradiction of 10 NYCRR 6-1.29(15.6), and whether this constituted some evidence of negligence (see generally Elliot v City of New York, 95 NY2d 730, 734; Hill v Cartier, 258 AD2d 699, 700).
In light of the appellants' failure to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against each of them, the Supreme Court properly denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court, however, should have granted that branch of Sacred Heart's motion which was for summary judgment dismissing Chaminade's cross claim against it for contractual indemnification. "The right to contractual indemnification depends upon the specific language of the contract" (George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC, 197 AD3d 1289, 1291). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 981).
Here, Sacred Heart demonstrated, prima facie, that A. L.'s accident and resultant injuries did not fall within the terms of the contractual indemnification provisions of the premises use agreement with evidence showing, among other things, that Holy Trinity, and not Sacred Heart, bore sole responsibility in supervising and training A. L. with respect to her ability to dive from the starting blocks located at the shallow end of the pool, that Sacred Heart owed no duty of care to A. L., and therefore, that Sacred Heart was not responsible for A. L.'s accident (see Cobblestone Foods, LLC v Branded Concept Dev., Inc., 200 AD3d 847, 848-849; Tafolla v Aldrich Mgt. Co., LLC, 136 AD3d 1019, 1021; Staron v Decker Assoc., LLC, 135 AD3d 846, 848; Tolpa v One Astoria Sq., LLC, 125 AD3d 755, 756). In opposition to Sacred Heart's prima facie showing, Chaminade failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Sacred Heart's motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against it by Chaminade. For those same reasons, the court properly denied Chaminade's motion for summary judgment on this same cross claim.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court