T.A. v Town of Riverhead (2026 NY Slip Op 01480)

T.A. v Town of Riverhead

2026 NY Slip Op 01480

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-09390
 (Index No. 623944/21)

[*1]T. A., etc., et al., appellants, 
vTown of Riverhead, et al, respondents.

Davis & Ferber, LLP, Islandia, NY (Mark C. Kujawski of counsel), for appellants.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Meagan R. Nolan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated June 4, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured when he fell while riding a nonmotorized scooter on a flat section of a skate park owned by the defendants. The infant plaintiff, by his father and natural guardian, and his father suing derivatively, commenced this action against the defendants, inter alia, to recover damages for personal injuries. In an order dated June 4, 2024, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal.
"Under the primary assumption of risk doctrine, '[a] person who chooses to participate in a sport or recreative activity consents to certain risks that are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Katleski v Cazenovia Golf Club, Inc., 44 NY3d 212, 218, quoting Anand v Kapoor, 15 NY3d 946, 947-948; see Morgan v State of New York, 90 NY2d 471, 484; Maharaj v City of New York, 200 AD3d 769, affd 44 NY3d 964). "[I]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which [their] injury occurred, so long as [they are] aware of the potential for injury of the mechanism from which the injury results" (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 95 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the doctrine of primary assumption of risk barred the plaintiffs' recovery (see Zuckerman v City of New York, 49 NY2d 557, 562). The defendants submitted transcripts of the infant plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and at his deposition, wherein he testified that he rode a nonmotorized scooter at the skate park and fell while attempting to make a turn or come to a stop. Falling is a risk inherent in riding a scooter, and the infant plaintiff assumed that risk by voluntarily engaging in this recreational activity at a designated venue. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the defendants cannot rely on the doctrine of primary [*2]assumption of risk since they failed to plead it as an affirmative defense in their answer is being raised for the first time on appeal and is not properly before this Court (see Stallsworth v Stallsworth, 138 AD3d 1102, 1103; Marri v New York City Tr. Auth., 106 AD3d 699, 701; Adsit v Quantum Chem. Corp., 199 AD2d 899, 900).
The defendants also established that they maintained the skate park in a reasonably safe condition by providing a transcript of the infant plaintiff's testimony that there was nothing wrong with the area where he fell and that his fall was not related to the condition of the skate park (see Zuckerman v City of New York, 49 NY2d at 562). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention based upon matter outside the record is not properly before this Court.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court